IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOROTHY STEWART | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 18-792 |
| | : | |
| ASHFORD TRS NICKEL, LLC | : | |
|     Defendant. | : | |

## MEMORANDUM OPINION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                                October 18, 2021

    Presently before the Court is a civil case involving a criminal incident that occurred outside a hotel in Philadelphia, Pennsylvania. On September 18, 2015, Plaintiff Dorothy Stewart ("Plaintiff" or "Stewart") was assaulted and robbed by an unidentified assailant while standing outside of the Philadelphia Airport Embassy Suites. She suffered injuries and brought this action against Ashford TRS Nickel, LLC d/b/a Philadelphia Airport Embassy Suites ("Defendant" or "Embassy Suites"), alleging negligence for failing to take reasonable efforts to implement security measures that would have protected her as a hotel guest.

    Following upon the consent of the parties under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, this case was referred to Magistrate Judge Timothy R. Rice on March 6, 2018. (Doc. 9.) The parties agreed to have Judge Rice conduct all proceedings and enter a final judgment in the litigation. (*See id*.) On January 16, 2020, the parties wrote a joint letter to Judge Rice in which they agreed to resolve the case with a binding non-jury trial before this Court, following Judge Rice's determination of their pending motions *in limine*. (Doc. 41., Pl. and Def. Letter to the Court, Jan. 16, 2020.) Upon the resolution of those motions, Judge Rice ordered the transfer of the case to this Court in accordance with the parties' request. (Doc. 41.) The parties agreed that the case would be

considered resolved pending a non-appealable determination of liability by this Court in a bench proceeding. We convened an in-person court session on September 30, 2021, and heard the counseled arguments of both parties, which included live testimony and exhibit presentations.

Counsel for Plaintiff and Defendant were skilled and reasoned in their arguments, providing relevant case law and legal analysis on the issues for our review. Notwithstanding the quality of the attorneys' advocacy in this case, only one party may prevail on the question of Defendant's liability. We find that Stewart failed to present sufficient evidence of Embassy Suites's negligence to overcome her burden of proof at trial; consequently, we find no liability on the part of Defendant. Specifically, we note that Stewart presented no expert testimony regarding the professional standard for reasonable safety measures in the hotel industry. Although Plaintiff contended that the lack of security measures in this case were so simple and obvious to be "within the range of the ordinary experience and comprehension of even nonprofessional persons," we think otherwise. *Ovitsky v. Capital City Econ, Dev. Corp.*, 846 A.3d 124, 126 (Pa. Super. 2004).[1] The experience, knowledge, and expertise required to determine the reasonability of the hotel security measures at issue in this case were, in our view, beyond the ken of an ordinary layperson.

Without an established standard of care, we cannot make a determination as to the negligence of Embassy Suites. It is for this reason, among others, that we find Plaintiff failed to

---

[1] We note that in *Ovitsky*, the Pennsylvania Superior Court found a hotel's failure to fix a broken lock and limit access to the hotel premises to non-guests was so obviously unreasonable that a layperson could determine that the hotel failed to meet its standard of care. *Id*. at 126. The allegations of negligence in this case, however, were not so simple. Stewart alleged that Embassy Suites failed to provide adequate security, failed to adequately train security guards, and failed to install closed circuit cameras in an effort to detect and deter crime. *See* Pl. Complaint at ¶ 23. We believe that the knowledge and skill required to determine the reasonability of the security in this case is beyond that of an average layperson. In *Ovitsky*, the Pennsylvania Superior Court explained that, "[w]e are not suggesting that expert testimony may *never* be appropriate in hotel security cases, depending on the precise issues presented, only that it is not essential in *this* case." *See id*. (emphasis added). We think the precise issues presented in this matter required expert testimony.

prove Embassy Suites's negligence by a preponderance of the evidence. Accordingly, Judgment shall be entered in favor of Defendant Embassy Suites with no recovery for Plaintiff Stewart. An appropriate Order follows.

        BY THE COURT:

        /s/ DAVID R. STRAWBRIDGE, USMJ
        DAVID R. STRAWBRIDGE
        UNITED STATES MAGISTRATE JUDGE